# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH SOPHIA ARREDONDO,<br><br>                              Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation, d/b/a COSTCO WHOLESALE 781; COSTCO WHOLESALE MEMBERSHIP, INC., a California corporation; and DOES 1 through 50, inclusive<br><br>                              Defendants. | Case No.: 25-cv-0292-AJB-MMP<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>**(Doc. No. 4)** |

      Plaintiff Leah Sophia Arredondo ("Plaintiff") brought suit against Defendants Costco Wholesale Corporation ("Wholesale") and Costco Wholesale Membership, Inc. ("Membership") asserting claims for negligence and premises liability. (Doc. No. 1-3.) Plaintiff initially filed her suit in state court, and Wholesale removed the action to this court. (Doc. No. 1.) Plaintiff now moves to remand the case alleging this court lacks subject matter jurisdiction. (Doc. No. 4.) Wholesale opposed Plaintiff's Motion to Remand (Doc. No. 7), and Plaintiff replied in support of her motion. (Doc. No. 10). Having considered

the parties' papers and the relevant legal authority, the Court **DENIES** Plaintiff's motion to remand.

## I.   BACKGROUND

This action arises out of Plaintiff's July 30, 2022, visit to a Costco warehouse located in Chula Vista, California. (Doc. No. 1-3 ¶¶ 4, 12.) Plaintiff alleges that after she exited the store, she visited the food court where "she unknowingly stepped onto a material substance which caused her to slip and fall to the ground." (*Id.* ¶ 12.) Plaintiff alleges that as a "direct and proximate result of the negligence and conduct of Defendants," she "slipped and fell," causing her to suffer bodily injuries and damages. (*Id.* ¶¶ 7, 13). Plaintiff alleges that the substance on the ground "constituted a dangerous condition for visitors and customers," and Defendants "had actual and constructive notice of the dangerous condition prior to the incident." (*Id.* ¶ 14.) Plaintiff further alleges that Defendants "failed to post warning signs around the area of the dangerous condition, failed to direct people away from the dangerous condition or section off the areas of the store where the dangerous condition existed, and failed to remove/remedy the dangerous condition" prior to Plaintiff's slip-and-fall incident. (*Id.* ¶ 14.)

Plaintiff, a resident of San Diego, California (*id.* ¶ 1) moves to remand this action alleging there is not complete diversity between the parties. (Doc. No. 4). While Plaintiff acknowledges that Defendant Wholesale is a resident of Washington state, she alleges diversity is defeated because Membership is a resident of California. (Doc. Nos. 1-3 ¶¶ 2–3; 4 at 3.) Plaintiff asserts that because she is also a California citizen, complete diversity does not exist. (Doc. No. 4 at 3.)

In response, Wholesale argues that Membership is a "sham defendant" "fraudulently joined in an attempt to evade the federal forum." (Doc. No. 7 at 2.) Wholesale contends that Membership "is not involved in the sales and warehouse operations conducted by Costco, including inspection and maintenance of warehouses, or their food courts," and "[a]s such, [Membership] cannot be liable to Plaintiff under any theory of liability." (*Id.*)

In her reply, Plaintiff for the first time asks for leave of court to join a new non-

diverse defendant. (Doc. No. 10.) Wholesale objects to Plaintiff's Reply for impermissibly raising new legal arguments—namely Plaintiff's request to join the new defendant. (Doc. No. 11.) Defendants ask that the Court "strike Plaintiff's improper Reply and all supporting documents, or at a minimum, disregard the Reply for purposes of considering the motion to remand." (*Id.* at 2.)

## II.    LEGAL STANDARD

### A.    Removal Jurisdiction

"Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citations omitted). "A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action." *Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th Cir. 2015) (citing 28 U.S.C. § 1441(a)); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete diversity" between the parties and the amount in controversy must exceed the $75,000 threshold. *See* 28 U.S.C. § 1332(a).

There is a strong presumption against removal jurisdiction, and courts strictly construe the removal statute against removal jurisdiction. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). "The removing defendant bears the burden of overcoming the strong presumption against removal jurisdiction." *Hansen*, 902 F.3d at 1057 (internal quotation marks and citations omitted); *see also Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

/ / /

/ / /

### B. Fraudulent Joinder

Removal is proper even if a non-diverse defendant is present where that defendant has been fraudulently joined or constitutes a sham defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The Ninth Circuit recognizes "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent joinder is established the second way if a defendant shows that an "individual [ ] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

"[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (*Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)). A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). The defendant must show that joinder was fraudulent by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Thus, "[t]he standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

### III. DISCUSSION

The Court will first address Plaintiff's Reply brief and Wholesale's objections thereto. Then, the Court will address whether Plaintiff has met the burden of establishing fraudulent joinder.

### A. Plaintiff's Reply[1]

In Plaintiff's Reply, she asks, for the first time, leave to file an amended complaint. (Doc. No. 10 at 3, 6–7.) Plaintiff seeks leave to join Mariela Chavarria, the store manager of the Chula Vista Costco warehouse. Wholesale objects to Plaintiff's Reply and asks the Court to strike or disregard the Reply in its entirety. (Doc. No. 11 at 1.) Wholesale objects to the Reply on the basis that it is improper to raise new information or issues for the first time in a reply brief. (*Id.*) Wholesale argues that Plaintiff's Reply "consists of nothing but new matter raised for the first time in reply (i.e., the timeliness of the removal and leave to add a non-diverse defendant)." (*Id.*) Wholesale asks the Court to strike Plaintiff's Reply and all supporting documents, or at a minimum, disregard the Reply for purposes of considering the motion to remand. (*Id.*)

The Court agrees that raising new argument in reply is improper as it deprives the opposing party with adequate opportunity to respond. *See United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."). And it is well-settled that district courts may disregard such arguments. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *see also Cross v. HFLP - Dolphin Beach, LLC*, No. 15CV2506-MMA (DHB), 2017 WL 2794339, at *11 (S.D. Cal. June 28, 2017) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers. . . . The Court could disregard Defendant's request on those grounds alone.").

Here, Plaintiff impermissibly raises a new argument in her reply brief, thereby depriving Wholesale of the opportunity to address these new contentions. Accordingly, the

---

[1] The Court notes that Plaintiff's reply brief violates Civil Local Rule 7.1.h. Plaintiff is reminded that per Civil Local Rule 7.1.h, briefs in opposition to all motions must not exceed a total of twenty-five (25) pages in length and no reply memorandum will exceed <u>ten (10) pages</u> without leave of the judge. CivLR 7.1.h; *see Smith v. Cook*, No. 17-CV-00961-AJB-WVG, 2018 WL 1185221, at *1 n. 2 (S.D. Cal. Mar. 7, 2018).

1  Court will disregard sections III, IV, and V of Plaintiff's Reply. Additionally, because
2  Mitchell E. Berman's Declaration Filed in Support of Plaintiff's Reply (Doc. No. 10-1)
3  wholly relates to the issue of joining the new defendant, the Court will disregard the
4  Berman Declaration in its entirety. If Plaintiff wishes to join a new defendant, she must do
5  so through a properly noticed motion.

   **B.   Fraudulent Joinder**

7  Wholesale argues that Membership was fraudulently joined in order to destroy
8  diversity jurisdiction. (Doc. No. 7 at 2, 4–8.) It is undisputed that Wholesale is a citizen of
9  Washington State. (Doc. Nos. 1-3 ¶ 3; 4 at 3; 7 at 3.) It is also undisputed that Plaintiff is a
10 citizen and resident of California, and that Membership is also a citizen of California. (*See*
11 Doc. Nos. 1-3 ¶¶ 1, 3; 4 at 3; 7 at 3.) Thus, while Plaintiff and Wholesale are diverse from
12 each other, Plaintiff is *not* diverse from Membership. Defendants asserts that removal
13 based on diversity jurisdiction is proper nevertheless because Membership is a "sham
14 defendant," and, as such, its citizenship should not count for diversity purposes. (*See* Doc.
15 No. 7 at 4–8.) The parties do not dispute the amount in controversy requirement. (Doc. No.
16 7 at 3.) Thus, the only disputed element of federal diversity jurisdiction is the validity of
17 Membership's joinder in the action.

18 In her Complaint, Plaintiff alleges "Premises Liability" and "Negligence" against all
19 defendants, including Membership. (Doc. No. 1-3.) Plaintiff alleges that both Wholesale
20 and Membership "operated or caused to be operated; controlled or caused to be controlled;
21 managed or caused to be managed; maintained or caused to be maintained; cleaned or
22 caused to be cleaned; inspected or caused to be inspected; and supervised or caused to be
23 supervised" the Subject Location and "Defendants negligently and carelessly inspected,
24 controlled, managed, maintained, [and] supervised" the Subject Location. (Doc. No. 1-3
25 ¶¶ 15, 23). Plaintiff alleges that "as a direct and proximate result of the acts and conduct of
26 Defendants," "Plaintiff was hurt and injured in her health, strength and activity, sustaining
27 injuries to various parts of her body, all of which injuries have caused and will continue to
28 cause Plaintiff great mental and physical pain and suffering." (*Id.* at ¶ 17.) Plaintiff argues

that Defendants "owed a duty of care to Plaintiff and other persons visiting or walking at the Subject Location to exercise ordinary and reasonable care in the management, maintenance, and supervision of the Subject Location so as to prevent harm to, and not endanger, Plaintiff and other persons." (*Id.* ¶ 8.)

In response, Defendants argue that Membership is solely in the business of collecting membership fees paid by individuals and entities who wish to be Costco members. (Doc. No. 7 at 2.) Defendants contend that Membership is not involved in the sales or warehouse operations conducted by Costco, including inspection and maintenance of warehouses or food courts. (*Id.* at 2.) Defendants argue that because Membership "is merely Costco's subsidiary" and "has no ownership interest in Costco's warehouses," Membership "cannot be liable to Plaintiff under any theory of liability and is a sham defendant fraudulently joined in an attempt to evade the federal forum." (*Id.*)

On a motion to remand, the Court must determine "not whether the claim is sufficiently articulated as pled, but rather whether it would be possible for plaintiff to amend with additional allegations could state a claim." *Navarro v. Costco Wholesale Corp.*, No. 2:20-CV-2146-VAP-ASX, 2020 WL 2521270 (C.D. Cal. May 18, 2020). Here, the Court finds that, on the basis of the facts provided by Defendants, there is no amendment Plaintiff could make to establish a claim against Membership.

Under California law, "[a]s in a general negligence cause of action, a plaintiff bringing an action for premises liability based on a negligence theory must plead and prove that the defendant breached a duty of care owed to the plaintiff that proximately caused injury and damages." *Annocki v. Peterson Enterprises, LLC*, 180 Cal. Rptr. 3d 474, 477 (2014) (citing *Paz v. State of California*, 994 F.2d 975 (Cal. 2000)). "The elements of a premises liability claim are: (1) the defendant owned, leased, occupied, or controlled the property; (2) the defendant was negligent in the use or maintenance of the property; (3) the plaintiff was harmed; and (4) the defendant's negligence was a substantial factor in causing the plaintiff's harm." *Rodriguez v. United States*, No. CV 14-4941 (AJW), 2017 WL 924458, at *2 (C.D. Cal. Mar. 6, 2017) (citing Judicial Council of California, Civil Jury

Instructions 400 (2016)).

Here, Plaintiff has failed to allege any facts that show Membership could be responsible for her slip-and-fall injury. Accepting Plaintiff's factual allegations as true, and considering Defendants' evidence, Plaintiff cannot maintain a cause of action against Membership because Membership does not maintain any control over the premises where the alleged injury occurred. Membership is a subsidiary of Wholesale, and it has no ownership interest in any of the Costco warehouses. (Doc. No. 7-4, Ruijters Declaration, ¶ 3.) Membership "is in business solely to collect membership fees." (*Id.* ¶ 7.) It has "no authority to direct, supervise, operate, or control any of the Costco warehouses," and "does not hire, train, supervise, control, or monitor employees and agents responsible for the maintenance, inspections, repair, supervision, control, maintenance, or operations of any of Costco's warehouses." (*Id.* ¶ 6.) Membership "does not maintain, control, lease, operate, or possess any of the Costco warehouses," and it "does not install, construct, inspect, repair, or maintain any of the Costco warehouses." (*Id.* ¶ 4.) "The entrance and exit ways, floors, aisles, food court, and any other surfaces . . . are not owned, maintained, possessed, controlled, inspected, or operated by [Membership]." (*Id.*) Accordingly, Membership has no plausible duty to Plaintiff. Because any claim Plaintiff may sustain in this action must necessarily be based on negligence, and where Membership has no plausible duty to Plaintiff, Plaintiff cannot maintain a claim against Membership. *See Annocki*, 180 Cal. Rptr. 3d at 477.

Other courts, considering nearly identical claims, have reached the same conclusion. *See, e.g., Holliday v. Costco Wholesale Corp.*, No. 2:20-CV-01106-SVW-RAOx, 2020 WL 1638607, at *2 (C.D. Cal. Apr. 2, 2020) (denying Plaintiff's motion to remand where "Plaintiff . . . failed to allege any facts that show [Membership] could be responsible for her slip-and-fall injury" because, "[a]ccepting Plaintiff's factual allegations as true, and considering Costco's evidence, [Membership] does not maintain any control over the premises where the alleged injury occurred" and therefore "[Membership] has no plausible duty to Plaintiff," barring a premises liability claim); *Navarro v. Costco Wholesale Corp.*,

No. 2:20-CV-2146-VAP-ASX, 2020 WL 2521270 (C.D. Cal. May 18, 2020) ("As Membership was improperly joined, there exists complete diversity between the parties, and this Court has subject matter jurisdiction."); *Garcia v. Costco Wholesale Corp.*, No. EDCV 24-1137-KK-SHKX, 2024 WL 3549222 (C.D. Cal. July 26, 2024) (The Court, therefore, finds defendant Costco Membership's joinder was fraudulent, and will disregard its citizenship for jurisdictional purposes.").

In sum, Wholesale has shown that Plaintiff is unable "to establish a cause of action against the non-diverse party in state court." *Hunter*, 582 F.3d at 1044. Wholesale has therefore established that the joinder of Membership was fraudulent. As Membership was improperly joined, there exists complete diversity between the parties, and this Court has subject matter jurisdiction.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand. Additionally, the Court disregards Plaintiff's request for leave to amend as it was impermissibly raised for the first time on reply.

**IT IS SO ORDERED**.

Dated: August 15, 2025

Hon. Anthony J. Battaglia
United States District Judge